UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JASON P.,[1]

                                       Plaintiff,

  v.                                                                          1:19-CV-1463 (ATB)

COMMISSIONER OF SOCIAL SECURITY,

                                       Defendant.
_____

JASON P., Plaintiff pro se
JESSICA TUCKER, Special Asst. U.S. Attorney for Defendant

ANDREW T. BAXTER, United States Magistrate Judge

**MEMORANDUM-DECISION and ORDER**

This matter was referred to me, for all proceedings and entry of a final judgment, pursuant to the Social Security Pilot Program, N.D.N.Y. General Order No. 18, and in accordance with the provisions of 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, N.D.N.Y. Local Rule 73.1 and the consent of the parties. (Dkt. No. 4). Plaintiff seeks review of a partially favorable decision on his claim for Child's Insurance Benefits ("CIB") under Title II of the Social Security Act.

General Order No. 18 provides that "after service of the Complaint and the Social Security Identification Form has been effectuated, the defendant shall file the certified transcript of the administrative proceedings, which shall constitute the defendant's answer within 90 days of said service, ***or a motion to dismiss within 90 days of said***

---

[1] In accordance with recent guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in June 2018 in order to better protect personal and medical information of non-governmental parties, this Memorandum-Decision and Order will identify the plaintiff and any other individual, using only his or her first name and last initial.

*service.*" N.D.N.Y. General Order No. 18 (June 12, 2018) (Dkt. No. 7 at 3) (emphasis added). In this case, defendant has filed a timely motion to dismiss which is now pending before me. (Dkt. No. 15). Plaintiff has responded in opposition to the motion, and defendant has filed a reply. (Dkt. Nos. 15, 17, 18). For the following reasons, this court agrees with defendant and will order dismissal of this action without prejudice for failure to exhaust administrative remedies.

## I.     Motion to Dismiss

Defendant's motion to dismiss is based upon lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). "'Dismissal for lack of subject matter jurisdiction is proper when the district court lacks the statutory or constitutional power to adjudicate a case.'" *Oliver v. New York State Police*, No. 1:19-CV-233, 2020 WL 1849484, at *5 (N.D.N.Y. Apr. 13, 2020) (quoting *Sokolowski v. Metro. Transp. Auth.*, 723 F.3d 187, 190 (2d Cir. 2013)). The court considers all uncontroverted facts in the complaint as true, and draws all reasonable inferences in favor of the party asserting jurisdiction. *Id.* (citing *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

In resolving a motion to dismiss for lack of subject-matter jurisdiction, the court may consider competent evidence outside the pleadings, such as affidavits and exhibits. *Id.* (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "'Where jurisdictional facts are placed in dispute, the court has the power and obligation to decide issues of fact by reference to evidence outside the pleadings.'" *Id.* (quoting *Tandon*, 752 F.3d at 243 (quoting *APWU v. Potter*, 343 F.3d 619, 627 (2d Cir. 2003)).

A plaintiff who asserts subject matter jurisdiction has the burden to show that it exists by a preponderance of the evidence. *Id.*

## II. Background

In May of 2010, plaintiff filed an application for CIB, based on the earnings of his mother Mary Beth P.L. (Def.'s Ex. 1)[2] (Dkt. No. 15-3). Plaintiff's application was denied initially on September 12, 2010. (Def.'s Ex. 2) (Dkt. No. 15-4). Plaintiff's application was denied again after he requested reconsideration. (Def.'s Ex. 3, 4) (Dkt. Nos. 15-5, 15-6). Plaintiff requested and attended a hearing before an Administrative Law Judge ("ALJ"), who issued an unfavorable decision. (Def.'s Ex. 5, 6) (Dkt. Nos. 15-7, 15-8). Plaintiff requested review of the ALJ's decision, but the audio recording of the ALJ's hearing could not be found, and the Appeals Council ultimately vacated the ALJ's decision, remanding the case for additional proceedings before the ALJ. (Def.'s Ex. 7 at 3) (Dkt. No. 15-9).

After holding a second hearing, the ALJ issued another unfavorable decision, which plaintiff appealed. (Def.'s Exs. 8, 9 at 2) (Dkt. Nos. 15-10, 15-11). On June 29, 2018, the Appeals Council vacated the second hearing decision because the audio recording was again lost. (*Id.*) On June 17, 2019, a different ALJ issued a partially favorable decision, awarding plaintiff CIB under the insured status of his mother. (Def.'s Ex. 10 at 6, 11) (Dkt. No. 15-12). The decision stated that plaintiff would be entitled to begin receiving benefits 12 months prior to his 2010 application, but not

---

[2] The defendant's exhibits have been filed under the Declaration of Jenay Podraza, Acting Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Social Security Administration. ("Podraza Decl.") (Dkt. No. 15-2).

3

retroactively to 1993. (Def.'s Ex. 10 at 11). On August 14, 2019, the ALJ amended his June 17, 2019 decision to state that plaintiff was only entitled to benefits beginning six month prior to his 2010 application because his mother converted to retirement benefits in 2008, which was prior to plaintiff's 2010 CIB application. In such cases, the statute provided that individuals could only collect retroactive benefits beginning six months prior to the application date. (Def.'s Ex. 11 at 5, 10) (Dkt. No. 15-13).

On August 30, 2019, plaintiff requested review of the ALJ's amended decision. (Def.'s Ex. 12) (Dkt. No. 15-14). Plaintiff filed this federal action on November 25, 2019. (Dkt. No. 1). However, his administrative case is currently pending before the Appeals Council. (Podraza Decl. ¶ 3(d)).

## III. **Exhaustion of Administrative Remedies**

### A. **Legal Standards**

The United States, as a sovereign, is immune from suit except as it consents to be sued. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity applies to agencies of the United States. *Id.* Sovereign immunity is jurisdictional in nature, and a waiver of sovereign immunity must be unequivocally expressed. *McCarthy v. Azar*, No. 19-CV-6683, 2020 WL 1697995, at *3 (E.D.N.Y. Apr. 7, 2020) (citations omitted). The party asserting jurisdiction bears the burden of establishing the waiver. *Id.* (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

The Social Security Act provides that judicial review of Social Security benefit

determinations, under both Title II[3] and Title XVI[4] of the Act, is limited to "final decisions" of the Commissioner, made after a hearing. 42 U.S.C. § 405(g). Available remedies must be exhausted. *Maynard v. Soc. Sec. Admin.*, No. 11-CV-6046, 2012 WL 2319249, at *3 (S.D.N.Y. June 19, 2012) (citing *Weinberger v. Salfi*, 422 U.S. 749, 765 (1975)). A determination becomes "final" after the Appeals Council has denied review or has decided the case after review. *Mathews v. Chater*, 891 F. Supp. 186, 188 (S.D.N.Y. 1995) (citing 20 C.F.R. § 404.981). Section 405(h) provides that no findings of fact or decision of the Commissioner shall be reviewed "by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h).

**B.   Application**

Plaintiff does not dispute that his claim is still pending before the Appeals Council. Rather he argues that because he was a "class member" in *Sullivan v. Zebley*, 493 U.S. 521 (1990), the court has jurisdiction over his claim. (Complaint ("Compl." at 2, ¶ 8). Plaintiff cites to a passage in *Zebley*, which states that "[t]his court will retain jurisdiction of this case to oversee implementation of the terms of this Stipulation and Order." (*Id.*) Plaintiff also seems to be raising Constitutional due process claims. (Compl. at 2, ¶ 7).

However, *Zebley* does not apply in plaintiff's case to confer jurisdiction over his current action. *Zebley* was a class action brought by plaintiffs claiming Child's benefits and was a facial challenge to the method by which the Social Security Administration

---

[3] Disability Insurance Benefits ("DIB").

[4] Supplemental Security Income ("SSI").

5

determined a child's eligibility for benefits under the SSI program (Title XVI). 493 U.S. at 523. The court in *Zebley* invalidated the method used by Social Security and maintained jurisdiction over the action "to oversee the implementation" the Stipulation and Order that had been issued regarding a new procedure for determining eligibility. The Regulations have long since been amended to conform with the proper method for such review.

Plaintiff in this case is an adult and is not challenging his eligibility for SSI. Rather, he is challenging a 2010 decision, in which he was applying for Title II benefits under his mother's insured status. Plaintiff has already been found to be entitled to benefits. The only question in this case is whether plaintiff is entitled to benefits dating back to 1993 or whether he is entitled to benefits beginning six months prior to his 2010 application date. This determination is completely unrelated to *Zebley*, and *Zebley* does not provide jurisdiction for plaintiff's action.

An exception to the exhaustion requirement may exist when the plaintiff presents certain constitutional claims. *See Califano v. Sanders*, 430 U.S. 99, 109 (1977). In *Stieberger v. Apfel*, 134 F.3d 37, 41 (2d Cir. 1997), the court held that, notwithstanding the court's availability to review some constitutional claims in the first instance, when the claim is closely related to plaintiff's claim for benefits, "SSA should be enlisted to make an initial determination, subject to traditional judicial review to determine if an adverse decision is supported by substantial evidence." *Id.* In this case, plaintiff mentions "due process," but there is no basis for such a claim. Plaintiff does not, and cannot claim, that he does not understand the Social Security administrative

procedures.[5]  Plaintiff has progressed through his administrative remedies and has obtained a partially favorable decision.  He claims that the ALJ's decision is incorrect.  He has simply failed to wait for the last administrative step to be complete, after he filed his appeal.  Plaintiff's passing reference to due process does not suffice to establish jurisdiction over his claim.

In rare circumstances exhaustion may be waived, but exhaustion is the rule, "waiver is the exception." *Pavano v. Shalala*, 95 F.3d 147, 150 (2d Cir. 1996) (quoting *Abbey v. Sullivan*, 978 F.2d 37, 44 (2d Cir. 1992)). *See Johnson v. Saul*, No. 1:19-CV-3749, 2020 WL 1140778, at *4 (S.D.N.Y. Mar. 9, 2020) (quoting *Abbey*, 978 F.2d at 44).  The court considers three factors in making its determination: (1) whether the plaintiff's claim is collateral to the demand for benefits; (2) whether exhaustion would be futile, and (3) whether requiring exhaustion would cause irreparable harm to plaintiff. *Id.* (citing *Pavano, supra*).

None of the above factors weigh in plaintiff's favor.  His claim is not "collateral" to his claim for benefits.  He claims that he is entitled to benefits beginning earlier than defendant claims the statute allows.  Thus, his claim is central to his request for more benefits, resulting from the favorable decision on his 2010 application.  There is no indication that exhaustion would be futile.  He has obtained a favorable decision from

---

[5] Cases such as *Steiberger* often have arisen when the plaintiff claims that a mental impairment prevented him from understanding the administrative procedures and the plaintiff has missed his or her opportunity to utilize those procedures. *See e.g. Bortungno v. Comm'r of Soc. Sec.*, No. 17-CV-2344, 2018 WL 3650131, at *4 (S.D.N.Y. Aug. 1, 2018) (citations omitted).  Even then, a plaintiff would have to make a "particularized allegation of mental impairment plausibly of sufficient severity to impair comprehension." *Id.* (citing *Byam v. Barnhart*, 336 F.3d 172, 182 (2d Cir. 2003) (quoting *Stieberger*, 134 F.3d at 40–41).  Plaintiff does not make such a claim.

the Appeals Council in the past, and this court cannot determine what the outcome in the Appeals Council would be. Finally, requiring plaintiff to wait until the Appeals Council issues a decision will not cause irreparable harm. Plaintiff has already obtained a favorable decision in the agency. The issue is the amount of back benefits, not his eligibility. Thus, there is no irreparable harm in requiring plaintiff to exhaust his administrative remedies, and waiver is not appropriate.

Plaintiff somehow argues that the ALJ's decision will force plaintiff to "repay" 39 years of benefits. It is unclear to what plaintiff is referring. The decision at issue granted plaintiff's eligibility for CIB, but did not determine that retroactive benefits would begin as far back as plaintiff requested or believes to be appropriate. (Def.'s Ex. 11 at 7-10). Plaintiff is not being required to pay back any money due to the ALJ's decision.

The cases cited by plaintiff in his response to defendant's motion do not support his position. Plaintiff cites, inter alia, *Tatum v. Mathews*, 541 F.2d 161, 165-66 (6th Cir. 1976) (Dkt. No. 17 at 2). However, *Tatum* was a class action, limited to Social Security applicants in Kentucky and involved a constitutional question of whether individuals would require notice and an opportunity to be heard if their benefits were terminated when Social Security instituted the SSI program. In any event, the pages cited by plaintiff state that a claim for retroactive benefits was barred by sovereign immunity. *Id.*

Because the Commissioner has yet to issue a final decision in this case, conferring jurisdiction under 42 U.S.C. § 405(g), and there is no basis for waiving the exhaustion requirement, this court must dismiss plaintiff's case at this time for lack of

jurisdiction.  When the Appeals Council issues a final decision in plaintiff's case, if appropriate, he may return to this court to challenge the Commissioner's finding.

**WHEREFORE**, based on the findings above, it is

**ORDERED**, that defendant's motion to dismiss for lack of jurisdiction (Dkt. No. 15) is **GRANTED**, and plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust his administrative remedies.

Dated: April 29, 2020

                                              Hon. Andrew T. Baxter
                                              U.S. Magistrate Judge